hDAVID S. GORBATY, Judge.
Defendant, Tenet Healthcare System Memorial Medical Center, Inc., appeals a judgment whereby the trial court dismissed the claims of plaintiffs original petition, with prejudice, but preserved plaintiffs rights to go forward with a tort claim asserted in an amended petition. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Louise Rachal was admitted to Tenet Healthcare System Memorial Medical Center, Inc.’s Mercy Hospital campus (hereinafter Mercy Hospital) on November 25, 2000. The record does not reveal why Ms. Rachal was admitted to the hospital. According to her original petition, on December 1, 2000, Ms. Rachal repeatedly called for assistance to use the bathroom, but no one responded. As she attempted to reach the bathroom without assistance, she slipped and fell, fracturing her right kneecap and injuring her back.
Mercy Hospital filed an Exception of Prematurity arguing that because plaintiff was bringing a malpractice action, the hospital was entitled to the benefits of a medical review panel as required by the Louisiana Medical Malpractice Act. [2Because plaintiff had failed to file a claim with the Patient’s Compensation Fund as required by the Act, her claim was premature.
The trial court maintained Mercy Hospital’s exception, and allowed plaintiff 15 days to amend her petition.
In her amended petition, plaintiff alleged that the sole and proximate cause of her injuries was the negligence of one or *1177 more employees of the hospital in the following respects:
A. Creating an unsafe walkling [sic] surface by over-waxing and over-buffing
B. Installing a floor surface that is inherently slippery and dangerous
C. Failure [sic] to maintain the excessive [sic] slippery conditions of the floor
Mercy Hospital responded to the amended petition with a second Exception of Prematurity. Mercy Hospital argued that the amended petition did not cure the prematurity because plaintiff did not make any allegation that her claim had been submitted to a medical review panel.
In a memorandum in opposition to the exception, plaintiff explained that her claims sounded in tort, and, therefore, there was no requirement that a medical review panel be convened. Specifically, the basis of her claim was negligence unrelated to any professional or healthcare services rendered by Mercy Hospital.
After a hearing, the trial court rendered judgment dismissing Ms. Rachal’s claims alleged in her original petition to the extent that those claims fell within the purview of the Medical Malpractice Act. However, the trial court preserved plaintiffs right to proceed with respect to her tort claim.
UMercy Hospital filed an application for supervisory writ with this Court. The Court denied the writ finding that Mercy Hospital had an adequate remedy on appeal. In dicta, the panel commented that a negligence claim based on the defective condition of the floor was not a claim encompassed by the Medical Malpractice Act.
Simultaneously with the filing of the application for writs, Mercy Hospital filed a motion for devolutive appeal, which was granted.
DISCUSSION:
Mercy Hospital argues that plaintiffs claims are all covered by the Medical Malpractice Act, La.Rev.Stat. 40:1299.39, et seq., and, therefore, it was error for the trial court to allow plaintiff to proceed with a separate tort action. Mercy Hospital maintains that because Ms. Rachal was a patient in defendant’s facility, then all claims for negligence must fall under the purview of the Act.
The Medical Malpractice Act applies only to “malpractice,” all other tort liability on the part of a qualified health care provider is governed by general tort law. Harris v. Sternberg, 2001-2170, p. 5 (La.App. 4 Cir. 5/22/02), 819 So.2d 1184, 1137, writ denied, 2002-1617 (La.9/30/02), 825 So.2d 1198. Further, as explained in Harris, supra, to determine whether certain conduct by a qualified health care provider constitutes malpractice, the Supreme Court has delineated six factors to consider:
(1) whether the particular wrong is “treatment related” or caused by a dereliction of professional skill,
|4(2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,
(3) whether the pertinent act or omission involved assessment of the patient’s condition,
(4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,
(5) whether the injury would have occurred if the patient had not sought treatment, and,
(6) whether the tort alleged was intentional.
*1178 Harris, supra at p. 6, 819 So.2d at 1138, citing Coleman v. Deno, 01-1517, 01-1521, pp. 8-9 (La.1/25/02), 813 So.2d 303.
In Harris, the plaintiff, a man who was being treated for morbid obesity, was injured after falling from a platform scale the doctor had obtained specifically to weight his obese patients. Applying the above factors, this Court found that the plaintiffs claims fell within the ambit of the Act.
Applying the same factors to the facts of this case, we cannot say that plaintiffs injuries are covered by the Act. Assistance to the bathroom cannot be considered a part of Ms. Rachal’s treatment, nor would such assistance require the professional skills of a doctor or nurse. It is irrefutable that someone on the hospital’s staff should have responded to Ms. Rachal’s request for assistance, but that negligence is not the type of wrong envisioned by the Medical Malpractice Act.
Accordingly, we find no error in the trial court’s judgment dismissing Ms. Rachal’s claims alleged in her original petition, and preserving Ms. Rachal’s right to proceed with the general tort claim raised in her amended petition.
AFFIRMED.